

**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, New York 10166
(212) 801-9200 (phone)
(212) 801-6400 (facsimile)
Attorneys for Plaintiff
THEOMETRICS, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------- x
                            :

THEOMETRICS, LLC,              :             **COMPLAINT**
                            :

            Plaintiff,   :

                            :     Civil Action No.:

          v.               :

                            :   _____

CARLSON SOFTWARE, INC.,    :

                            :     JURY DEMANDED

           Defendant.   :
-------------------------------- x

     Plaintiff THEOMETRICS, LLC (hereinafter "Plaintiff" or "THEOMETRICS"), by and through its undersigned attorneys, hereby seeks by this lawsuit damages in an amount no less than $86,000,000.00 plus preliminary and permanent injunctive relief from and against Defendant CARLSON SOFTWARE, INC. (hereinafter "Defendant" or "CARLSON"), based upon Defendant's multiple breaches of license and non-disclosure/non-circumvent agreements, fraud, tortious interference with contractual relations, interference with a prospective economic advantage, unfair competition under 15 U.S.C. § 1125(a), common law unfair competition, misappropriation of a trade secret, and conversion.

The following statements are made based on best available information and belief.

## THE PARTIES

1.    Plaintiff THEOMETRICS is a limited liability company organized and existing under the laws of the State of New York, having a principal place of business located at 497 Canal Street, New York, New York 10013.

2.    Defendant CARLSON is a corporation of the State of Kentucky having a principal place of business located at 102 West Second Street, Maysville, Kentucky 41056.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action under 28 U.S.C. § 1331 as one or more of the claims arise under 15 U.S.C. § 1125 (§ 43 of the Lanham Act).

4.    This Court further has jurisdiction over this action under Federal Rule of Civil Procedure 20(a) since all the causes of action arise out of the same transaction, occurrence, or series of transactions or occurrences.

5.    This Court further has jurisdiction over this action under 28 U.S.C. § 1332 due to diversity of citizenship between Plaintiff THEOMETRICS and Defendant CARLSON and an amount in controversy that exceeds $75,000, exclusive of interests and costs.

6.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)-(b) since it is the Judicial District in which a substantial part of the events and damages giving rise to the claims hereinafter set forth occurred.

## SUMMARY OF THE ACTION

7.   This Action involves numerous facts relating to Defendant CARLSON and its unlawful conduct.   The following is a summary of relevant facts currently known to, or upon best available information believed by, Plaintiff.

8.   Plaintiff   THEOMETRICS   and   Defendant   CARLSON   are parties   to   two   separate   written   agreements,   executed   by authorized representatives of each.

9.   An August 10, 2006 Non-Disclosure and Non-Circumvent Agreement between the parties (hereinafter sometimes referred to as the "NDA"), as the title suggests, includes obligations on the part of Defendant CARLSON including, without limitation, an obligation not to disclose to third parties confidential information.

10.  A November 30, 2006 agreement between the parties carrying the title Software Development and License Term Sheet (hereinafter sometimes referred to as the "License Agreement") includes obligations on the part of Defendant CARLSON including, without limitation, an obligation not to compete with Plaintiff

- 3 -

THEOMETRICS in well-defined areas, an obligation to provide enumerated technical support to Plaintiff THEOMETRICS, an obligation to repair software-related bugs in work product delivered to Plaintiff THEOMETRICS by Defendant CARLSON, an obligation to maintain in escrow a copy of CARLSON source code in an industry standard form which is reasonably commented and documented, and an obligation not to commercialize THEOMETRICS' intellectual and other property within enumerated fields of use.

11.  Defendant CARLSON has violated and breached each and every one of the foregoing obligations in a manner which suggests and demonstrates motives grounded in unfair competition and fraud.

12.  Plaintiff THEOMETRICS contends that the unlawful conduct of Defendant CARLSON justifies and requires this Honorable Court to issue preliminary and permanent injunctive relief, as well as damages, based upon multiple breaches of both the License Agreement and the NDA, fraud, tortious interference with contractual relations, interference with a prospective economic advantage, unfair competition under 15 U.S.C. § 1125(a), common law unfair competition, misappropriation of a trade secret, and conversion.    Accordingly, Plaintiff THEOMETRICS respectfully requests relief from this Court in the form of an injunction, preliminary and permanent, an award of

appropriate damages, and a finding on all claims in favor of
Plaintiff THEOMETRICS.

## BACKGROUND FACTS GIVING RISE TO THIS COMPLAINT

13.  PLAINTIFF THEOMETRICS is a young and dynamic company
that designed and developed a new, unique, proprietary, and
revolutionary technology and system for which it has assigned
the trademark ARCHITECTURAL NAVIGATION for use in and on, among
other things, construction projects.    It can be said that
THEOMETRICS has developed an entirely new industry, based upon
its technology.

14.  Plaintiff's ARCHITECTURAL NAVIGATION system provides a
"technological bridge" and missing link between computer
assisted design ("CAD") drawings and the field, such as
construction sites.  Plaintiff's ARCHITECTURAL NAVIGATION system
enables the user thereof to create, in real time, CAD drawings
from physical spaces, such as in "as built" spaces.    For
convenience, Plaintiff's ARCHITECTURAL NAVIGATION system, as
described above, comprises highly confidential information and
intellectual property, and is hereinafter referred to as
"Confidential Information".

15.  Plaintiff's Confidential Information comprises, in
part, proprietary computer software, hardware, training

- 5 -

information, a certification program, as well as proprietary concepts which, collectively, comprise valuable trade secrets.

16. It can be said that Plaintiff's Confidential Information is expected to make obsolete conventional methods used in relation to construction sites, whether they be new projects or affecting existing structures.

17. Defendant CARLSON is a company which has the capability of writing computer software for its customers, such as Plaintiff.

18. Defendant CARLSON did not invent the ARCHITECTURAL NAVIGATION system of Plaintiff THEOMETRICS but, rather, under the NDA and License Agreement, wrote computer software code at the direction of Plaintiff THEOMETRICS after Plaintiff made known to Defendant its Confidential Information.

19. Defendant CARLSON understood, from the beginning, that its faithful fulfilling of its obligations under the NDA and the License Agreement were required under the License Agreement.

20. Plaintiff THEOMETRICS, after and in association with the aforementioned NDA, made disclosures of its Confidential Information to Defendant CARLSON, under terms and conditions that are set forth within said NDA.

21. Plaintiff THEOMETRICS further entered into the aforementioned License Agreement with Defendant CARLSON, wherein specific and express limitations that were agreed to by

Plaintiff and Defendant were placed upon CARLSON insofar as those limited areas within which it was entitled to use intellectual property which is the subject of the License Agreement.

22. Defendant CARLSON, under the NDA, expressly agreed not to make disclosures of Plaintiff's Confidential Information to third parties without the prior, express written permission of Plaintiff THEOMETRICS.

23. Defendant CARLSON, under the License Agreement, expressly agreed to obligations which, among other things, include an obligation not to compete with Plaintiff THEOMETRICS in well-defined areas, an obligation to provide enumerated technical support to Plaintiff THEOMETRICS, an obligation to repair software-related bugs in work product delivered to Plaintiff THEOMETRICS by Defendant CARLSON, an obligation to maintain in escrow a copy of CARLSON source code in an industry standard form which is reasonably commented and documented, and an obligation not to commercialize THEOMETRICS intellectual and other property within enumerated fields of use.

24. In direct and apparently willful violation of the foregoing agreements, Defendant CARLSON has embarked upon a campaign of multiple broken agreements and broken promises which, unless enjoined by this Honorable Court, will continue to do irreparable injury and harm to Plaintiff and its business.

25. The unlawful conduct identified within this Complaint irreparably harms not only Plaintiff and its business, but also well-intentioned investors who have relied upon the good faith of Defendant CARLSON to honor each and all of its agreements.

26. Defendant CARLSON has violated and breached its obligations under the NDA to refrain from making disclosures of the Confidential Information to third parties without the prior written permission of Plaintiff THEOMETRICS. It has done so in the form of one or more press-type releases, in written and electronic form, which have promoted its violating products across the country and, indeed, the world. Plaintiff has never given Defendant permission to engage in this unlawful conduct. A reader of Defendant's aforementioned press-type release is given the impression that the system described therein originated with Defendant, whereas in fact the ARCHITECTURAL NAVIGATION system was conceived by and originated with Plaintiff THEOMETRICS. This false advertising and these false impressions comprise a false designation of origin.

27. Defendant CARLSON has violated and breached its obligations under the License Agreement by violating and breaking its promise and agreement not to compete with Plaintiff THEOMETRICS within areas well defined by the License Agreement. It has embarked upon a campaign that includes making and distributing press-type releases in written and electronic form

which advertise and market Confidential Information in areas expressly reserved to Plaintiff THEOMETRICS. It has further approached third parties as part of this campaign and appears ready to market and promote competing products and/or systems at trade show(s), by direct sales from its web site, and via other distribution channels. In this regard, Defendant CARLSON is offering at least two products in competition with Plaintiff's ARCHITECTURAL NAVIGATION system, namely, Defendant's *Carlson Field 2008* and its *Carlson Survey*.

28. Defendant CARLSON has violated and breached its obligations under the License Agreement by failing to provide to Plaintiff THEOMETRICS technical support that is enumerated within the License Agreement, thereby placing Plaintiff in the unenviable position of losing the agreed-to technical support required to complete its system, while at the same time watching Defendant CARLSON unlawfully compete with it in the marketplace, in direct violation of written agreements. Despite repeated requests, Defendant CARLSON shows no signs of a willingness to fulfill its obligations to provide this technical support, thereby irreparably harming Plaintiff.

29. Defendant CARLSON has violated and breached its obligations under the License Agreement by failing to repair software-related defects (bugs) within software written under contract by Defendant CARLSON for Plaintiff THEOMETRICS. This,

coupled with Defendant's failure to provide technical support, demonstrates a cynical effort to deliberately place Plaintiff in an impossible position where Defendant's work product is defective and cannot be used in accordance with its intended purposes.

30. Defendant CARLSON has violated and breached its obligations under the License Agreement by failing to deposit in escrow a copy of Defendant CARLSON's source code, in an industry standard form which is reasonably commented and documented. Defendant agreed to do so as part of its obligations under the License Agreement so that Plaintiff THEOMETRICS would not be placed in the position it finds itself today. Defendant's ongoing failure to honor its escrow obligations continues to irreparably harm Plaintiff, its business and its investors.

31. Defendant CARLSON has violated and breached its obligations under the License Agreement by failing to fulfill its obligation not to commercialize the intellectual and other property of Plaintiff THEOMETRICS within fields of use agreed to by the parties and enumerated within the License Agreement. This is causing irreparable injury to Plaintiff THEOMETRICS, its business and its investors.

32. As if the forgoing unlawful conduct wasn't enough, Defendant CARLSON has approached and is attempting negotiations with Leica Geosystems ("Leica"), a company with whom Plaintiff

THEOMETRICS already has a relationship and with whom Plaintiff has been engaged in a number of discussions, including license-type and other discussions.    Furthermore, Plaintiff has expressed to Leica a desire to make ongoing purchases of hardware from Leica that incorporates Plaintiff's Confidential Information, under an arrangement which incorporates Plaintiff's intellectual property.  In addition, Defendant CARLSON is in the process of negotiating distribution agreements with Leica and one or more other third parties.  Plaintiff THEOMETRICS has been engaged in ongoing and extensive THEOMETRICS product and software development negotiations with Leica relating to contractor-for-hire joint-development issues for both hardware and software.

33.  Defendant  CARLSON  is  improperly  holding  out  and promoting to Leica its "system", which competes with that of Plaintiff, as having originated with Defendant and, by these discussions with Leica, Defendant is both interfering with the relationship Plaintiff is developing with Leica and hopes to further develop with Leica.   Plaintiff has a prospective economic advantage associated with and with respect to its dealings with Leica.   Plaintiff has entered into a confidentiality agreement with Leica.

34.  Unless enjoined by this Honorable Court, the foregoing multiple breaches and unlawful activities will continue.

35.  Plaintiff  THEOMETRICS  has,  in  addition  to  being irreparably harmed, suffered economic damage for which it seeks an  award  of  both  compensatory  and  punitive  damages  in  this lawsuit.

36.  Because of the egregious conduct of Defendant CARLSON, Plaintiff THEOMETRICS believes it is entitled to an award of its own reasonable attorneys fees associated with its enforcement of the NDA and License Agreement, and this lawsuit.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

37.  PLAINTIFF  THEOMETRICS  repeats  and  re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

38.  Defendant  CARLSON  breached  the  NDA  by  making unauthorized disclosures of Confidential Information.

39.  PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON in an amount to be determined at trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

40. PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

41. Defendant breached the License Agreement by competing with Plaintiff in direct violation thereof.

42. PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON in an amount to be determined at trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

43. PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

44. Defendant breached the License Agreement by failing to provide the enumerated technical support to Plaintiff that is provided therein, in direct violation thereof.

45. PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON in an amount to be determined at

trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

46. PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

47. Defendant breached the License Agreement by failing to repair software-related bugs in work product, as provided therein, and in direct violation thereof.

48. PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON in an amount to be determined at trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract)

49. PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

50. Defendant breached the License Agreement by failing to maintain in escrow a copy of CARLSON source code in an industry

standard form which is reasonably commented and documented, as provided therein, and in direct violation thereof.

51. PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON in an amount to be determined at trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

52. PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

53. Defendant breached the License Agreement by failing to refrain from commercializing THEOMETRICS intellectual and other property within enumerated fields of use, as provided therein, and in direct violation thereof.

54. PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON in an amount to be determined at trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition under 15 U.S.C. § 1125(a))

55.  PLAINTIFF    THEOMETRICS    repeats    and    re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

56.  PLAINTIFF THEOMETRICS has suffered damage as a direct and proximate result of Defendant CARLSON's unlawful conduct. In addition to the injunctive relief sought by this Complaint, Plaintiff THEOMETRICS is entitled to an award of damages in a final amount to be determined at trial, together with the costs and  disbursements  incurred  in  the  action,  and  reasonable attorneys fees.

## EIGTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

57.  PLAINTIFF    THEOMETRICS    repeats    and    re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

58.  Defendant CARLSON has engaged in unfair competition with PLAINTIFF THEOMETRICS.

59.  Accordingly, Defendant CARLSON's conduct has violated the standards of business fairness, thereby constituting unfair competition.

60.  PLAINTIFF THEOMETRICS has suffered damage as a direct and proximate result of Defendant CARLSON's conduct and therefore, PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON in an amount to be determined at trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## NINTH CLAIM FOR RELIEF

### (Misappropriation Of A Trade Secret)

61.  PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

62.  Defendant CARLSON obtained trade secrets, including the aforesaid Confidential Information from Plaintiff THEOMETRICS with full knowledge of their confidential nature and is now using and will continue to use them to commercialize a system that competes with Plaintiff's ARCHITECTURAL NAVIGATION system.

63.  PLAINTIFF THEOMETRICS has suffered damage as a direct and proximate result of Defendant CARLSON's conduct and, therefore, PLAINTIFF THEOMETRICS should have judgment over and against Defendant in an amount to be determined at trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## TENTH CLAIM FOR RELIEF

## (Tortious Interference With A Prospective Economic Advantage)

64. PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

65. Defendant CARLSON intentionally, wrongfully, and without justification or excuse interfered and continues to interfere with PLAINTIFF THEOMETRICS pursuit of its relationship with Leica by falsely misleading Leica as to Defendant's rights and abilities, including improper disclosures of Confidential Information.

66. PLAINTIFF THEOMETRICS has suffered damage as a direct and proximate result of Defendant CARLSON's conduct, including the loss of prospective economic gain and, therefore, PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON in an amount to be determined at trial, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## ELEVENTH CLAIM FOR RELIEF

### (Conversion)

67. PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 36, inclusive, as if fully set forth at length herein.

68. Defendant CARLSON wrongfully exercises and continues to exercise dominion and control over intellectual and other property, including Confidential Information, without authorization from PLAINTIFF THEOMETRICS.

69. PLAINTIFF THEOMETRICS is the true and lawful owner of such intellectual property and Confidential Information within enumerated fields of use.

70. PLAINTIFF THEOMETRICS does not have an adequate remedy at law. Accordingly, Defendant should be ordered by this Honorable Court to return to Plaintiff THEOMETRICS all media and information directly relating to said enumerated field of use.

71. PLAINTIFF THEOMETRICS has suffered damage as a direct and proximate result of Defendant CARLSON's conduct and, therefore, PLAINTIFF THEOMETRICS should have judgment over and against Defendant CARLSON, together with the costs and disbursements incurred in the action, and reasonable attorneys fees.

## TWELFTH CLAIM FOR RELIEF

### (Injunctive Relief)

72. PLAINTIFF THEOMETRICS repeats and re-alleges paragraphs 1 through 71, inclusive, as if fully set forth at length herein.

73. By virtue of the foregoing, PLAINTIFF THEOMETRICS has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Defendant CARLSON.

74. Unless Defendant CARLSON is preliminarily and permanently enjoined from continuing its unlawful conduct, as described above, Plaintiff THEOMETRICS will be continue to be irreparably harmed in a manner which is unascertainable at this time.

75. Plaintiff THEOMETRICS, in this regard, has no adequate remedy at law.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff THEOMETRICS respectively seeks from this Honorable Court judgment against Defendant CARLSON on all counts, including the following:

1.     A temporary restraining order issued against Defendant CARLSON, prohibiting Defendant CARLSON from making

further disclosure of Confidential Information to third parties.

2.    A preliminary injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from making further disclosure of Confidential Information to third parties.

3.    A permanent injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from making further disclosure of Confidential Information to third parties.

4.    A temporary restraining order issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly competing with Plaintiff THEOMETRICS within those areas defined by the License Agreement.

5.    A preliminary injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly competing with Plaintiff THEOMETRICS within those areas defined by the License Agreement.

6.    A permanent injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly competing with Plaintiff THEOMETRICS within those areas defined by the License Agreement.

7.    A temporary restraining order issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly

withholding technical support to Plaintiff THEOMETRICS, as required by the License Agreement.

8.      A preliminary injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly withholding technical support to Plaintiff THEOMETRICS, as required by the License Agreement.

9.      A permanent injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly withholding technical support to Plaintiff THEOMETRICS, as required by the License Agreement.

10.     A temporary restraining order issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly withholding its repair of software-related defects (bugs) in CARLSON work product delivered to Plaintiff THEOMETRICS, as required by the License Agreement.

11.     A preliminary injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly withholding its repair of software-related defects (bugs) in CARLSON work product delivered to Plaintiff THEOMETRICS, as required by the License Agreement.

12.     A permanent injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly withholding its repair of software-related defects

(bugs) in CARLSON work product delivered to Plaintiff THEOMETRICS, as required by the License Agreement.

13.      A temporary restraining order issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly withholding from escrow a copy of CARLSON source code in an industry standard form which is reasonably commented and documented, as required by the License Agreement.

14.      A preliminary injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly withholding from escrow a copy of CARLSON source code in an industry standard form which is reasonably commented and documented, as required by the License Agreement.

15.      A permanent injunction issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly withholding from escrow a copy of CARLSON source code in an industry standard form which is reasonably commented and documented, as required by the License Agreement.

16.      A temporary restraining order issued against Defendant CARLSON, prohibiting Defendant CARLSON from improperly commercializing THEOMETRICS intellectual and other

property within enumerated fields, as required by the
License Agreement.

17.     A preliminary injunction issued against Defendant
CARLSON, prohibiting Defendant CARLSON from improperly
commercializing THEOMETRICS intellectual and other
property within enumerated fields, as required by the
License Agreement.

18.     A permanent injunction issued against Defendant
CARLSON, prohibiting Defendant CARLSON from improperly
commercializing THEOMETRICS intellectual and other
property within enumerated fields, as required by the
License Agreement.

19.     An order requiring that Defendant CARLSON return to
Plaintiff THEOMETRICS all media and information
directly relating to the THEOMETERICS-exclusive field
of use.

20.     Judgment against Defendant CARLSON in an amount no
less than Eighty Six Million Dollars ($86,000,000.00).

21.     Judgment against Defendant CARLSON in an amount it may
have received inappropriately frcm potential customers
as a result of its unlawful conduct;

22.     Judgment against Defendant CARLSON in an amount to be
determined at trial for each of the counts in this
Complaint;

23.     Judgment   against   Defendant   CARLSON   for   PLAINTIFF
        THEOMETRICS' reasonable attorneys' fees and costs.

24.     Judgment  against  Defendant  CARLSON  for  pre-judgment
        and post-judgment interest; and

25.     Such other and further relief as this Honorable Court
        may deem fair and equitable.

## JURY DEMAND

        Pursuant  to  Rule  38(b)  of  the  Federal  Rules  of  Civil
Procedure,  Plaintiff  PLAINTIFF  THEOMETRICS  demands  a  trial  by
jury of any issue triable of right by a jury.

Dated: March 7, 2008            Respectfully submitted,

                                _____
                                Paul J. Sutton (PS 8630)
                                Barry G. Magidoff (BM 6384)
                                Deepro R. Mukerjee (DM 7373)
                                Christopher B. Prescott (CP 4070)
                                GREENBERG TRAURIG, LLP
                                200 Park Avenue
                                New York, New York 10166
                                (212) 801-9200 (phone)
                                (212) 801-6400 (facsimile)

                                Attorneys for Plaintiff
                                THEOMETRICS, LLC